## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ORTHO SOLUTIONS, LC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 20-cv-01405 |
| KI BEOM KIM, | ) ) ) |
| Defendant. | ) **JURY TRIAL DEMANDED** ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Ortho Solutions, LC ("Plaintiff" or "Ortho Solutions"), brings this declaratory judgment action against Ki Beom Kim ("Defendant" or "Kim"), pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 and alleges as follows:

## PARTIES

1. Plaintiff Ortho Solutions, LC is a Missouri limited liability company having a principal place of business at 10403 International Plaza Drive, St. Ann, Missouri 63074.

2. Upon information and belief, Defendant Kim is a resident and citizen of St. Louis County, Missouri.

## JURISDICTION AND VENUE

3. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. §§ 101 et seq.; and Missouri state law. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

4.     This Court has personal jurisdiction over Defendant Kim in that Kim has performed acts within the Eastern District of Missouri subjecting himself to the laws of this District, including attempting to transact and transacting business in this District; transmitting electronic, written and verbal communications into this District; and meeting in person with Plaintiff Ortho Solutions in this District, all relating to the underlying allegations.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this District, in that a substantial part of the property that is the subject of this action is situated in this District (namely the patents in question), and in that Defendant Kim resides or can be otherwise found in this District by virtue of the acts identified above.

## NATURE OF THE CASE

6.     This is a declaratory judgment action seeking a ruling that Darren Buddemeyer ("Buddemeyer") and Matthew Malabey ("Malabey") are the true and proper inventors of the subject matters of the claims of the patents at issue, that Plaintiff Ortho Solutions is the sole and exclusive owner of said patents by right of assignment from Buddemeyer and Malabey, that Plaintiff Ortho Solutions did not engage in any misrepresentations or fraud in connection with the filing and issuance of said patents, that Plaintiff Ortho Solutions was not unjustly enriched by the filing and issuance of said patents, and that Plaintiff Ortho Solutions does not owe any monies to Defendant Kim in connection with said patents or otherwise.

7.     Plaintiff Ortho Solutions is an industry leader in high quality manufactured orthodontic products and dental sleep medicine products, with a full service orthodontic laboratory manufacturing the highest quality orthodontic appliances in the industry.

8. As part of its industry-leading practices, Ortho Solutions has obtained multiple patents relating to its unique and novel orthodontic products and dental sleep medicine products, with Buddemeyer and Malabey named as inventors on said patents.

9. In 2016, Buddemeyer (Ortho Solutions' CEO) and Malabey (Ortho Solutions' Director of Operations) met and discussed with Kim certain ideas relating to the design of a self-ligating bracket for orthodontic purposes.

10. The design presented by Kim to Ortho Solutions ultimately proved inoperable for its intended purposes.

11. Accordingly, Buddemeyer and Malabey jointly conceived of and designed a new orthodontic post and pin assembly that was operable for its intended purposes.

12. Buddemeyer and Malabey filed patent applications for their inventions and assigned their rights in their inventions to Ortho Solutions.

13. As a result, the United States Patent and Trademark Office duly issued two patents to Ortho Solutions, namely U.S. Patent No. D848,001 (issued on May 7, 2019) ("the '001 Patent"), and U.S. Patent No. 10,456,219 (issued on October 29, 2019) ("the '219 Patent") (collectively "the Ortho Solutions Patents").  *See* Exhibits A and B attached hereto.  Of particular note and importance, the Ortho Solutions patents did not claim the inoperable design presented to Ortho Solutions by Kim.

14. In February 2020, Kim filed a lawsuit against Dyna Flex, Ltd. in the Circuit Court of the City of St. Louis, captioned *Ki Beom Kim v. Dyna Flex, Ltd.*, Cause No. 2022-CC00363.

However, Dyna Flex, Ltd. is not the record owner of the patents Kim references as the basis for his lawsuit and therefore that case is subject to dismissal for failure to state a claim.[1]

15.     In his litigation against Dyna Flex, Ltd., Kim made court statements that he was improperly excluded as an inventor on the Ortho Solutions Patents and that he should be assigned ownership and control of at least the '219 Patent.  By these statements, Kim implied that the inventorship of the Ortho Solutions Patents requires correction, but notably omitted any reference to the exclusive vehicle for such correction, namely 35 U.S.C. § 256.

16.     In that litigation, Kim made court statements that the actions taken with respect to the Ortho Solutions Patents included misrepresentations amounting to fraud and that the ownership and control of at least the '219 Patent by anyone other than Kim constitutes an unjust enrichment.

## **COUNT I – DECLARATORY JUDGMENT OF PATENT INVENTORSHIP**

17.     Ortho Solutions incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

18.     The inventions claimed in the Ortho Solutions Patents relate to a novel design for an orthodontic post and pin assembly.  The inventions claimed in the Ortho Solutions Patents were developed and conceived jointly and solely by Buddemeyer and Malabey.

19.     Buddemeyer and Malabey are the true and proper inventors of the subject matter of the claims of the Ortho Solutions Patents as issued, as indicated on the Patents.

20.     Ortho Solutions holds a recognized ownership interest in the Ortho Solutions Patents that could be adversely affected by an action brought by Kim under 35 U.S.C. § 256 to correct inventorship of the Ortho Solutions Patents, including exclusion of either or both of

---

[1] Plaintiff Ortho Solutions has a fictitious name registration for "DynaFlex" (with no space between "Dyna" and "Flex") but it is a separate legal entity from Dyna Flex, Ltd.

Buddemeyer and Malabey as inventors and thereby seeking to extinguish or diminish Ortho Solutions' ownership interest in the Ortho Solutions Patents.

21. In his litigation against Dyna Flex, Ltd., Kim made court statements that he was improperly excluded as an inventor on the Ortho Solutions Patents and that he should be assigned ownership and control of the Ortho Solutions Patents, thereby creating in Ortho Solutions a reasonable apprehension that Kim will bring an action under 35 U.S.C. § 256 to correct inventorship of the Ortho Solutions Patents, including exclusion of either or both of Buddemeyer and Malabey as inventors and thereby seeking to extinguish or diminish Ortho Solutions' ownership interest in the Ortho Solutions Patents.

22. An actual controversy exists between Ortho Solutions and Kim with respect to the inventorship of the Ortho Solutions Patents, which controversy is substantial and of sufficient immediacy and reality.

23. Accordingly, Plaintiff Ortho Solutions seeks a declaratory judgment that inventorship of the Ortho Solutions Patents is correctly identified and that Kim should not be named as an inventor on either of the Ortho Solutions Patents.

## COUNT II – DECLARATORY JUDGMENT OF NO FRAUD

24. Ortho Solutions incorporates by reference Paragraphs 1 through 23 as if fully set forth herein.

25. In his litigation against Dyna Flex, Ltd., Kim made court statements that the actions taken with respect to the Ortho Solutions Patents included misrepresentations amounting to fraud.

26. In particular, Kim made court statements that the intention to exclude him from patent filings was withheld from him; that the status of Kim's design was misrepresented to him;

5

that the amount of compensation to Kim was misrepresented to him; that the status of patent filings was misrepresented to him; and that Kim received assurances that he would be named as an inventor on patent applications and filings but was not.

27.  Kim also made court statements that these alleged actions amount to fraud under Missouri law and that he is entitled to relief to include actual damages, costs and expenses, and punitive damages.

28.  Ortho Solutions denies that it has made any statements that constitute fraud under Missouri law and further denies that Kim is entitled to any of his requested relief, because, among other things, Buddemeyer and Malabey are the true and proper inventors of the subject matter of the claims of the Ortho Solutions Patents as issued and as indicated on the Ortho Solutions Patents, such that Kim had no right to be named as an inventor on the Ortho Solutions Patents or to be compensated in association therewith.

29.  An actual controversy exists between Ortho Solutions and Kim with respect to any alleged fraud or misrepresentations relating to the Ortho Solutions Patents, which controversy is substantial and of sufficient immediacy and reality.

30.  Accordingly, Plaintiff Ortho Solutions seeks a declaratory judgment that Ortho Solutions did not engage in any fraud with respect to Kim and the Ortho Solutions Patents, including a declaration that Kim is not entitled to any relief, actual damages, costs and expenses, or punitive damages.

**COUNT III – DECLARATORY JUDGMENT OF NO UNJUST ENRICHMENT**

31.  Ortho Solutions incorporates by reference Paragraphs 1 through 30 as if fully set forth herein.

32. In his litigation against Dyna Flex, Ltd., Kim made court statements that the ownership and control of at least the '219 Patent by anyone other than Kim constitutes an unjust enrichment.

33. In particular, Kim made court statements that at least the '219 Patent was based on his design and that products were manufactured and sold based on Kim's design, that at least the '219 Patent could not have been independently developed, and that it would be unjust enrichment for anyone other than Kim to own and control at least the '219 Patent.

34. Kim also made court statements that these alleged actions amount to unjust enrichment under Missouri law and that he is entitled to relief to include actual damages, costs and expenses, punitive damages, ownership and control of at least the '219 Patent as well as any continuations or other patents or intellectual or personal property based on Kim's design, and injunctive relief.

35. Ortho Solutions denies that it has been unjustly enriched under Missouri law by Kim and further denies that Kim is entitled to any of his requested relief, because, among other things, Buddemeyer and Malabey are the true and proper inventors of the subject matter of the claims of the Ortho Solutions Patents as issued, as indicated on the Patents, such that Kim had no right to be named as an inventor on the Ortho Solutions Patents or to be compensated in association therewith.

36. An actual controversy exists between Ortho Solutions and Kim with respect to any alleged unjust enrichment relating to the Ortho Solutions Patents, which controversy is substantial and of sufficient immediacy and reality.

37. Accordingly, Plaintiff Ortho Solutions seeks a declaratory judgment that Ortho Solutions was not unjustly enriched by Kim with respect to the Ortho Solutions Patents,

including a declaration that Kim is not entitled to any relief, actual damages, costs and expenses, punitive damages, ownership and control of at least the '219 Patent as well as any continuations or other patents or intellectual or personal property purportedly based on Kim's design, or injunctive relief.

## JURY TRIAL REQUEST

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Ortho Solutions demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ortho Solutions asks for judgment as follows:

1. That the Court declare that the inventorship of the Ortho Solutions Patents is correctly identified and that Kim should not be named as an inventor on either of the Ortho Solutions Patents;

2. That the Court declare that Ortho Solutions did not engage in any fraud with respect to Kim and the Ortho Solutions Patents, including that Defendant Kim is not entitled to any relief, actual damages, costs and expenses, or punitive damages.

3. That the Court declare that Ortho Solutions was not unjustly enriched by Kim with respect to the Ortho Solutions Patents, including a declaration that Kim is not entitled to any relief, actual damages, costs and expenses, punitive damages, ownership and control of at least the '219 Patent as well as any continuations or other patents or intellectual or personal property purportedly based on Kim's design, or injunctive relief;

4. That Plaintiff be awarded costs and attorneys' fees pursuant to applicable law; and

5. That Plaintiff Ortho Solutions be awarded such other and further relief as the Court deems just and appropriate.

Dated: September 30, 2020 **LEWIS RICE LLC**

By: /s/ *Michael J. Hickey*
Michael J. Hickey, #47136 (MO)
Bridget G. Hoy, #50733 (MO)

600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7600
Facsimile: (314) 241-6056
Email: mhickey@lewisrice.com
bhoy@lewisrice.com

*Attorneys for Plaintiff Ortho Solutions, LC*